IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| v. | ) ) | Criminal Action No. 11-cr-00084-LKG |
| PAUL HENRY BROWN, | ) ) | Dated: December 10, 2024 |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER ON
DEFENDANT'S MOTION TO REDUCE SENTENCE**

**I.     INTRODUCTION**

Defendant *pro se*, Paul Henry Brown, has moved to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A).  ECF No. 40.  This motion is fully briefed.  ECF Nos. 40, 48.  No hearing is necessary to resolve this motion.  *See* L.R. 105.6 (D. Md. 2023).  For the reasons that follow, the Court **DENIES** Mr. Brown's motion to reduce sentence.

**II.    BACKGROUND AND PROCEDURAL HISTORY**

The Defendant, Paul Henry Brown, is currently serving a 262-month sentence of imprisonment after having been convicted of the production of child pornography, in violation of 18 U.S.C. § 2251(a).  ECF No. 37.  Mr. Brown is approximately 82 years old.  ECF No. 48 at 1, 3.

On December 8, 2010, Mr. Brown was charged *via* criminal complaint with the production of child pornography, in violation of 18 U.S.C. § 2251(a).  ECF No. 1.  He was subsequently indicted on this same offense on February 16, 2011.  ECF No. 3.

On January 23, 2012, Mr. Brown pled guilty to the production of child pornography charge. ECF No. 29.  In the agreed-upon statement of facts in his Plea Agreement with the Government, Mr. Brown admitted that he abused two minor female children in his care, who were seven and nine years old, respectively, at the time of the crime.  *Id*. at 10.  Mr. Brown also admitted that he forced both of these victims to perform oral sex on him and that he took naked photographs of himself with the two minor victims.  *Id*.

1

Mr. Brown also admitted that had a cache of over 600 images of child pornography on a CD. *Id*. This CD also contained videos of children engaged in sexually explicit conduct, including an adult male having sexual intercourse with a minor female. *Id*. Mr. Brown was 69 years old when he committed these offenses. ECF No. 48 at 6.

On June 28, 2012, the Court sentenced Mr. Brown to 262 months of imprisonment, with credit for time served from August 3, 2010, to be followed by a term of supervised release for life. ECF No. 37. Mr. Brown's anticipated release date is March 11, 2029. ECF No. 48-1 at 1. Currently, Mr. Brown has served approximately 66 percent of his Court-imposed sentence. *Id*. at 3. During his period of imprisonment, Mr. Brown has received one disciplinary infraction for phone misuse. ECF No. 48-2.

On December 8, 2022, Mr. Brown filed a motion to reduce sentence. ECF No. 40. On January 23, 2023, the Government filed a response in opposition to Mr. Brown's motion. ECF No. 48.

The Defendant's motion to reduce sentence having been fully briefed, the Court resolves the pending motion.

### III.   LEGAL STANDARDS

#### A.   Compassionate Release

The United States Court of Appeals for the Fourth Circuit has held that a court "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception to this rule is when the modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *see Jackson*, 952 F.3d at 495.

In this regard, Title 18, United States Code, Section 3582(c)(1)(A)(i), commonly known as the "compassionate release" provision, provides a statutory vehicle to modify a defendant's sentence. *United States v. Wiggins*, 2020 WL 4436373, at *2 (D. Md. Aug 3, 2020). Section 3582 was adopted as part of the Sentencing Reform Act of 1984. *Id*. The statute originally permitted a court to alter a sentence only upon a motion by the Director of the Bureau of Prisons ("BOP"). *See* Pub. L. No. 98-473, § 224(a), 98 Stat. 2030 (1984). But, in December 2018,

Congress significantly modified the compassionate release mechanism when it enacted the First Step Act of 2018 ("FSA").  *See* Pub. L. 115-391, 132 Stat. 5239 (2018).  Given this, the Court has held that as amended by the FSA, 18 U.S.C. § 3582(c)(1)(A) permits a court to reduce a sentence of imprisonment "upon motion of the Director of [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," whichever occurs first.  *Wiggins*, 2020 WL 4436373, at *2.  And so, once a defendant has exhausted his or her administrative remedies, the defendant may petition this Court directly for compassionate release.  *Id*.

Pursuant to Section 3582(c)(1)(A), the Court may modify a defendant's sentence if, "after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable," it finds that:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*. at *3.  And so, to be entitled to relief under Section 3582(c)(1)(A)(i), the defendant must demonstrate that: (1) "extraordinary and compelling reasons" warrant a reduction of his sentence; (2) the factors set forth in 18 U.S.C. § 3553(a) countenance a reduction; and (3) the sentence modification is "consistent" with the policy statement issued by the United States Sentencing Commission (the "Commission") in U.S.S.G. § 1B1.13.  *Id*.

The Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A).  28 U.S.C. § 994(t). Relevant to the pending motion, the Commission has determined that "extraordinary and compelling reasons" include circumstances where:

> (B) The defendant is— . . .
>
> (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover . . . .

U.S.S.G § 1B1.13(b)(1)(B)(iii). The Commission has also determined that "extraordinary and compelling reasons" are present when:

> The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

*Id*. § 1B1.13(b)(2). Lastly, Section 1B1.13(b)(5) of the Sentencing Guidelines provides for a reduction of sentence if the Defendant presents any other circumstances or combination of circumstances that, when considered by themselves or together with any of the reasons described in Section 1B1.13(b)(1)-(4), "are similar in gravity." *Id*. § 1B1.13(b)(5).

## IV.   ANALYSIS

The Defendant has moved to reduce his sentence upon the grounds that his age and health conditions constitute extraordinary and compelling reasons to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* ECF No. 40. In this regard, Mr. Brown states that he suffers from, among other things: (1) high blood pressure; (2) coronary artery disease; (3) atrial fibrillation; (4) type II diabetes; (5) hyponatremia; (6) high cholesterol and (7) obesity. *Id*. at 18-26. Mr. Brown argues that his health conditions and advanced age put him at risk of an adverse health outcome, due to the COVID-19 pandemic and poor living conditions at his prison. *Id*. at 7-13. In addition, Mr. Brown argues that he "is an 81 year old man who is no threat to anyone." *Id*. at 27. And so, Mr. Brown requests that the Court reduce his sentence to time served. *Id*.

In its response in opposition to the Defendant's motion, the Government does not contest that Mr. Brown has demonstrated extraordinary and compelling reasons for the Court to reduce his sentence. ECF No. 48. But, the Government argues that a reduced sentence is not supported by the Section 3553(a) factors, based upon the facts and circumstances of this case. *Id*. at 4-7. And so, the Government requests that the court deny Mr. Brown's motion. *Id*. at 7.

4

For the reasons that follow, Mr. Brown has shown an extraordinary and compelling reasons to reduce his sentence, given his advanced age and health conditions. But, the Section 3553(a) factors do not support a reduction of his sentence. And so, the Court DENIES the Defendant's motion to reduce sentence.

### A.   The Defendant Has Shown Extraordinary And Compelling Reasons To Reduce His Sentence

As an initial matter, the Court is satisfied that Mr. Brown has shown extraordinary and compelling reasons to reduce his sentence. Pursuant to Section 3582(c)(1)(A), the Court may modify the Defendant's sentence, if he shows that: (1) "extraordinary and compelling reasons" warrant a reduction of his sentence; (2) the factors set forth in 18 U.S.C. § 3553(a) countenance a reduction; and (3) the sentence modification is "consistent" with the policy statement issued by the Sentencing Commission in U.S.S.G. § 1B1.13. *United States v. Wiggins*, 2020 WL 4436373, at *2 (D. Md. Aug 3, 2020). Relevant here, the Commission has determined that "extraordinary and compelling reasons" to reduce sentence include circumstances where:

> (B) The defendant is— . . .
>
> (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover . . . .

U.S.S.G § 1B1.13(b)(1)(B)(iii). The Commission has also determined that "extraordinary and compelling reasons" are present when:

> The defendant (A) is at least 65 year s old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

*Id*. § 1B1.13(b)(2).

In this case, the Defendant is 81 years old and he represents to the Court that he suffers from several chronic health conditions, including (1) high blood pressure; (2) coronary artery disease; (3) atrial fibrillation; (4) type II diabetes; (5) hyponatremia; (6) high cholesterol and (7) obesity. ECF No. 40 at 18-26. The Government does not dispute that Mr. Brown suffers from these ailments. ECF No. 48 at 4. Nor does the Government dispute Mr. Brown's advanced age. *Id*.

Given this, the Government does not contest that Mr. Brown has shown extraordinary and compelling reasons to reduce his sentence, upon the grounds of age and health conditions. *Id*. And so, the Court is satisfied that the evidence before it shows that the Defendant has provided extraordinary and compelling reasons to reduce his sentence under Section 3582(c)(1)(A).

**B.     The Section 3553(a) Factors Do Not Support A Reduced Sentence**

While Mr. Brown has provided extraordinary and compelling reasons to reduce his sentence, the factors set forth in 18 U.S.C. § 3553(a) do not support such a reduction of his sentence for several reasons. To be entitled to relief under Section 3582(c)(1)(A)(i), Mr. Brown must show that the factors set forth in 18 U.S.C. § 3553(a) countenance a reduction in his sentence and that the sentence modification is consistent with the policy statement issued by the Sentencing Commission in U.S.S.G. § 1B1.13. *Wiggins*, 2020 WL 4436373, at *3. And so, the Court's analysis of his motion must take into account: (1) his personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See* 18 U.S.C. §3553(a)(1), (a)(2); *see also Gill v. United States*, 2022 WL 17488953, at *5 (D. Md. Dec. 7, 2022).

First, the offense for which Mr. Brown has been convicted is a very serious offense. Mr. Brown stands convicted of the production of child pornography, in violation of 18 U.S.C. § 2251(a). ECF No. 37. In this regard, Mr. Brown has admitted to abusing two minor female children in his care, who were seven and nine years old, respectively, at the time of the crime. ECF No. 29 at 10. He has also admitted to having a cache of over 600 images of child pornography on a CD. *Id*.

Second, just punishment for this serious offense warrants a significant period of incarceration. Mr. Brown's crime involved the sexual abuse of two innocent young victims. For this reason, the Court sentenced Mr. Brown to 262 months of imprisonment for his serious criminal conduct. ECF No. 37.

Compassionate release would also undermine the need to promote respect for the law and to deter this criminal conduct. To date, Mr. Brown has served approximately 66 percent of his 262-month sentence. ECF No. 48-1 at 3. Given this, the Court is concerned that early release on

compassionate release grounds would send the wrong message to Mr. Brown and to the public about the serious nature of his criminal conduct.

More importantly, the Court is also concerned that Mr. Brown still poses a danger to the public. While he is approximately 82 years old, Mr. Brown committed the offense at issue in this case at the age of 69. ECF No. 48 at 6. Given this, the Court agrees with the Government that Mr. Brown's advanced age is not a sufficient deterrent to assure that, at this time, he will not pose a danger to children and commit a similar offense in the future. *United States v. Kibble*, 992 F.3d 326, 331-32 (4th Cir. 2021) (affirming denial of compassionate release for defendant with serious health conditions who traveled across state lines to engage in illicit sexual activity with a 14 year-old girl); *United States v. Patrick*, 2020 WL 4364202 (D. Conn. July 30, 2020) (denying a motion for compassionate release for a 76-year-old defendant convicted of using an interstate facility to entice a minor to engage in sexual contact "in light of his apparently decades-long sexual interest in minors and his occasional unwillingness to acknowledge the victims of his crimes."); *United States v. Fischer*, 2020 WL 2769986 (D. Md. May 27, 2020) (acknowledging that the defendant presented sufficient grounds for compassionate release due to health concerns, but denying relief due to "heinous" offense involving interstate travel to abuse a vulnerable teenage girl).

For each of the aforementioned reasons, the Section 3553(a) factors do not weigh in favor of compassionate release. And so, the Court must DENY Mr. Brown's motion.

V.     CONCLUSION

For the foregoing reasons, the Court **DENIES** the Defendant's motion to reduce sentence (ECF No. 40).

IT IS SO ORDERED.

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge